JAMES M. HULL, Administrator, &c. *v.* HENRY E. NEAL.

H. was, by virtue of his office as sheriff, appointed administrator of an estate; and during the administration, the law making the sheriff in such cases administrator, was repealed:—*Held*, that the repeal did not *ipso facto* revoke the letters of administration which had been granted; but it gave that power to the probate court at any time to commit, upon a proper showing, the administration to the person entitled to it by law.

ON appeal from the probate court of Kemper county; Hon. James F. Bohannon, judge.

The opinion contains the facts.

*Hamm*, for appellant,
Cited Acts of Leg. 1846, p. 184; Acts of 1852, p. 232; *Gasque* v. *Moody*, 12 S. & M. 153.

*Glenn*, for appellant,
Cited the same statutes.

Mr. Justice FISHER delivered the opinion of the court.

The appellant, in virtue of his office of sheriff of Kemper county, was appointed by the probate court of said county administrator of the estate of one John Neal, deceased, under the provisions of the act of 1846, Hutch. Co. 680.

This law, so far as it related to Kemper county, was repealed by the act of 1852. Acts of that year, 232.

In October, 1852, the appellee, a son of the intestate, peti-

tioned the court to be appointed administrator *de bonis non* on said estate; whereupon the court made the appointment.

It is objected, on the part of the appellant, that the appointment was made without giving timely notice of the application, and that the court had no authority to make the appointment until the appellant settled his accounts, &c., as provided in the act of 1852.

The appellant was appointed in virtue of his office of sheriff; and when the law was repealed, while it did not *ipso facto* revoke the letters of administration, it gave the probate court power to do so at any time, and to commit the administration to the person entitled to the same by law. It may indeed be plausibly argued, and supported by high authority, that independent of the act of 1852, the court could, on the application of a distributee of the estate, revoke the letters granted to the sheriff, and grant administration to such distributee. *Thompson* v. *Hucket*, 2 Hill, S. C. R. 347.

Judgment affirmed.